* JAMES M. WHEDBEE, Ex'r, v. JAMES D. REDDICK.

*Pleading—Counter-Claim.*

1. The assignee of a note past due takes it subject to all counter-claims in favor of the maker and against the payee accruing before notice of the assignment.

2. Where a legatee borrows from executors the money of their testator and gives his note for its repayment, he may set up as a counter claim against such note, the amount due him from the estate of the deceased, and is entitled to an account to ascertain that amount.

CIVIL ACTION tried at Spring Term, 1878, of HERTFORD Superior Court, before *Henry, J.*

The plaintiff alleged that on the 16th of January, 1874, the defendant executed his promissory note under seal payable to Samuel Winborn and George Cowper executors of

---

*Smith C. J. did not sit on the hearing of this case.

Abram Reddick, and upon the same day the defendant and his wife made a mortgage conveying certain lands to said executors to secure the payment of the note on or before the 1st day of February, 1876; that on the 16th of April, 1877, said note was assigned to the plaintiff, and that no part of the same has been paid. Judgment is demanded for the amount of the note, and a decree of sale of the mortgaged premises to satisfy the same.

The defendant answering says, that the note was given for money paid to him by the executors of his father, Abram Reddick, and that a large part if not all of it was due him as one of the legatees under his father's will, and that according to an account filed by said executors it was shown that they were indebted to the estate in a considerable sum; but since the 1st of August, 1876, they have filed no account, and the defendant believes they have received amounts in excess of disbursements since that time; and in the ninth article of his answer he alleged, "that he is entitled under said will to one fourth of the sum admitted to be due on said 1st of August, and to one-third of one-fourth as heir of his sister Emily, and one-third of the whole amount with interest, which he expressly sets up as a counter claim to plaintiff's demand," and asked that the said executors be made parties to this action and an account be ordered and the share of this defendant be entered as a credit on the note.

The plaintiff in his reply alleges that the money for which the note was given was loaned to defendant by said executors with the distinct understanding that it was to be returned to them if needed for the purpose of administration; and demurs to article nine of the answer, for that, "the defendant has no ground of action because his alleged interest in said estate is a contingent one, dependent on the payment of debts and preferred legacies, and that his

interest not being now due can not be pleaded as a counter claim."

Upon the hearing His Honor sustained the demurrer and gave judgment for plaintiff, and the defendant appealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendant.

RODMAN, J. As the note was assigned to the plaintiff after it became due, he took it subject to all counter claims of the defendant which accrued to him before notice of the assignment. The note is payable to Winborn and Cowper, executors of Abram Reddick, and the money loaned to the defendant is admitted to have been a part of the estate of Abram Reddick. It is alleged by the defendant and denied by the plaintiff, that at the making of the note it was expressly agreed in effect that the defendant might offset it by any sum which might be due him as one of the legatees of Abram Reddick. Independent of any express agreement to that effect, we think that any sum which upon the settlement of the estate of Abram Reddick shall be found payable to the defendant will constitute an equitable counter claim. The demurrer to article nine of defendant's answer is therefore overruled. We think that the Judge below should have directed an account to be taken of the estate of Abram Reddick, and of the dealings of his executors therewith, in order to ascertain how much if any thing is owing to defendant from that estate. The executors would be proper parties to the taking of this account, otherwise they would not be bound by it. We think also that if the executors so choose, they are entitled to have all persons interested in the estate made parties so that all may be bound. The Superior Court (in term) has thus incidentally jurisdic-

tion to take the administration account. Judgment reversed and case remanded to be proceeded in in conformity to this opinion.

PER CURIAM.                    Judgment accordingly.