A. J. ROUNTREE, Adm'r of C. J. WORRELL, v. T. A. BRITT and J. C. VINSON.

*Administration—Counter-claim—Deed—Description—Jurisdiction—Mortgage—Verdict.*

1. A new trial will not be granted, if the verdict is a proper one, although it may have been returned in obedience to an erroneous instruction from the Court.

2. The sale or mortgage of *a crop to be planted*, as well as one planted and in process of cultivation, is valid—provided the *place* where the crop is to be pro-

duced is designated with certainty sufficient to identify it. *It seems*, parol testimony is competent to fit the description to the property and show the agreement of the parties.

3. A mortgage conveying "my entire crop of every description" is too vague to pass any title to the property mentioned.

4. A defendant is entitled to judgment upon a counter-claim, if no reply or demurrer has been interposed, although it would have been refused if objection had been made in apt form and time.

5. Where an administrator recovers judgment upon his cause of action, and the defendant also upon his counter-claim, the former is entitled to an execution for the entire amount of his recovery ; but the execution on the defendant's judgment will be stayed until it is ascertained what amount of the assets of the estate of the intestate is applicable thereto.

6. The Superior Court, in term, has incidental jurisdiction to order the taking of an account of the administration, where necessary for adjusting the rights of the parties to any action therein pending.

(*Cotton* v. *Willoughby*, 83 N. C., 75 ; *Harris* v. *Jones, Ibid.*, 317 ; *Rawlings* v. *Hunt*, 90 N. C., 270 ; *Atkinson* v. *Graves*, 91 N. C., 99 ; *Barnhardt* v. *Smith*, 86 N. C., 473 ; *Mauney* v. *Ingram*, 78 N. C., 96, and *Whedbee* v. *Riddick*, 79 N. C., 521, cited and approved).

This was a CIVIL ACTION tried before *Shipp, Judge*, and a jury, at the Spring Term, 1885, of HERTFORD Superior Court.

The action was brought by the plaintiff, as the administrator of C. W. Worrell, and he alleged in his complaint, that his intestate in his lifetime was the owner of the following personal property, viz: Eight bales of lint cotton, 12,921 pound seed cotton, one two-horse wagon, two horses, one mule, one cart and wheels, fifty-six flour barrels of corn in shuck, 2,048 bundles of fodder, three cows and three heifers; that the property was worth one thousand dollars; that C. W. Worrell died intestate about the ... day of February, 1883, and after his death, the defendants unlawfully took into possession the above described property, and converted the same to their own use. The defendants, in their answer, set up two defences: First, That the same property mentioned in the complaint was conveyed to them by a chattel mortgage, executed to them by the plaintiff's intestate, dated the 18th of January, 1882, which is as follows, to-wit:

"I, C. W. Worrell, of the county of Hertford, State of North Carolina, am indebted to Britt & Vinson, of Hertford county, in said State, in the sum of one thousand dollars, for which they hold an open account, to be due on the 1st day of November, A. D. 1882, and to secure the payment of the same, I do hereby convey to them these articles of personal property, to-wit: Two head of horses, two head of mules, twenty head of hogs, twenty head of cattle, two carts and wheels, one wagon, and my entire crop of every description.

"But on this special trust: That if I fail to pay said debt and interest and cost, on or before the 1st day of November, A. D. 1882, then they may sell said property, or so much thereof as may be necessary, by public auction, for cash, first giving ten days' notice at three public places, and apply proceeds of such sale to the discharging of said debt, and interest on the same, and pay any surplus to me."

For a further defence, they complained of the plaintiff, that the said C. W. Worrell was indebted to them in the sum of one thousand and fifty-seven dollars and eighty-five cents, for goods, wares and merchandise, sold and delivered to him, at his request, between the 18th day of January, 1882, and the first day of December, inclusive of said two dates. That said account and debt was due and payable on the 1st day of January, 1883, and that no part had been paid, and they demanded judgment for the same.

The defendants tendered the following issue: "Was the cotton, corn and fodder described in the complaint, or any part thereof, the same crop which was described in said mortgage, or any part of same."

His Honor in his charge to the jury, stated, that it appearing from the evidence that no part of the corn, cotton or fodder, described in the complaint, was on hand at the date of the execution of the mortgage under which the defendants claimed title, but that the whole thereof was the product of the crop of 1882, planted after the execution of the said mortgage deed, he would instruct them to respond to the issue "No."

The jury found the following special verdict, to-wit:

I. That the corn, fodder and cotton described in the complaint, was no part of the crops described in the defendant's mortgage.

II. That the conversion complained of was after the death of C. W. Worrell, and before plaintiff qualified as his administrator.

III. That when the mortgage was executed, C. W. Worrell had no crop on hand, except about enough corn and fodder to run his farm during the year 1882.

IV. That the corn, cotton and fodder mentioned in the complaint, were grown on Worrell's land in 1882, and converted by defendants in February, 1883.

V. That the value of the crops converted, including interest to date, was six hundred and nineteen dollars and twenty-three cents.

VI. That the amount due defendants by plaintiff's intestate up to date was nine hundred and six dollars and sixty-seven cents.

Upon this finding of the jury, the Court rendered the following judgment, viz:

" That the plaintiff recover of the defendants T. A. Britt and J. C. Vinson, the said sum of six hundred and nineteen dollars and forty-five cents, and the further sum of $——, the costs of the action, to be taxed by the clerk.

"And it is further adjudged that the estate of C. W. Worrell is indebted on this day, after deducting all credits, to T. A. Britt and J. C. Vinson, in the sum of nine hundred and six dollars and twenty-three cents, and that the same shall be paid by the administrator, *pro rata* with other debts of like class, out of the assets of the estate, in due course of administration.

" No execution is to issue without the further order of this Court, except for two-thirds of the said recovery."

From this judgment the defendants appealed.


*Messrs. John Devereux, Jr., W. D. Pruden* and *D. A. Barnes,* for the plaintiff.

*Mr. R. B. Peebles,* for the defendant.

ASHE, J., (after stating the facts).   The main question presented by the record is, was there error in the instructions given by the Court to the jury, and the judgment rendered upon their finding.

Although there was a special verdict rendered by the jury, their first finding, " that the corn, cotton and fodder described in the complaint, was no part of the crops described in the mortgage," we take it, was in deference to the charge of the Court; the special verdict therefore, does not relieve the case from the question of error in the charge of the Court.   Then, was there error ?   We are of the opinion the judgment of the Court was in the main correct, and must be sustained, with some modifications.

The Court seems to have predicated its charge to the jury that the mortgage was defective, because the crops claimed to have been passed by it, were not planted at the time of the execution of the mortgage; but that is immaterial, for if the Court decides a point correctly, there is no error to be attributed, although it may give a wrong reason for its conclusions; and besides, even if there was error in the charge, the error was cured by the verdict of the jury, who decided the point according to law, as we shall see.

We are of the opinion the description of the corn, cotton, and fodder mentioned in the deed of mortgage, was too vague and uncertain to pass any title to the property to the mortgagees.

It is now settled that to make a valid sale or chattel mortgage, the property conveyed must be *in esse,* or at least have a potential existence at the time of the execution of the mortgage.   It was formerly held in this State, that a crop was not the subject of sale or execution before it was planted, but the law has undergone a very great change in this· respect.   It is now generally the adopted principle, that a mortgage of an unplanted crop, or the future products of a farm, made by one in possession of the land, as owner or lessee, is valid at law.   Jones on Chattel Mortgages, §143.

The principle is recognized in Georgia, Wisconsin, and New York. Jones on Chattel Mortgages, §143, Note 1. The principle was first adopted in this State in the case of *Cotton* v. *Willoughby*, 83 N. C., 75, which has been followed with approval by *Harris* v. *Jones, Ibid.*, 317; *Rawlings* v. *Hunt*, 90 N. C., 270. In that case it was held, "that a crop to be planted *on one's own land, or on land let to him,* as well as a crop planted and in process of cultivation, is the subject of a valid mortgage." There, the land, known as the Henry place, was designated in the deed as the land on which the crop was to be raised. And in the case of *Atkinson* v. *Graves*, 91 N. C., 99, the same principle is announced, and the Court then said, " a mortgage or sale of a crop to be raised on a certain field or farm in the possession of the mortgagor or seller, is as far as the principle has been carried in respect to unplanted crops; and it has never, as we are aware, been extended to the products of the soil to be raised without designating the *place* where they are to be produced." The mortgage in question fails to designate any *field, farm* or *land* on which the crop was to be produced, and in that respect, according to the authorities cited, is defective, and passed no title in the corn, fodder and cotton, to the mortgagees.

The defect might possibly have been cured by parol evidence, offered to apply the description to the subject matter intended to be conveyed—Jones on Chattel Mortgages, §63—but there seems to have been no evidence offered as to any agreement or understanding between the parties as to the place where the crop was to be produced, or what crops were intended to be conveyed.

We therefore hold that there was no error in the judgment rendered by the Court in behalf of the plaintiff, except in that execution might issue for only two-thirds of the amount of the judgment. The plaintiff should have execution for the whole amount of the judgment in his behalf, for there may be debts of higher dignity than that of the defendants, the payment of which it would not be right to postpone until an account of the administration could be taken.

We hold also that the judgment in behalf of the defendants must be sustained. For, whether the defence set up by them could be properly pleaded as a counter-claim, as a matter connected with the subject of the plaintiff's action, there was no replication or demurrer filed by the plaintiff, and we must therefore hold that any objection was waived. The Code, §249, *Barnhardt* v. *Smith*, 86 N. C., 473. This would seem to be in conflict with the decision in *Mauney* v. *Ingram*, 78 N. C., 96; but is not so, for there was a demurrer by the plaintiff in that case to the answer of the defendant.

No execution will of course be issued on the judgment in favor of the defendants, until it can be ascertained what amount of the assets of the estate of C. W. Worrell in the hands of the plaintiff, as his administrator, is applicable to this debt, and this involves the necessity of an account of the administration of the estate of the intestate by the plaintiff. To that end, therefore, the case is remanded to the Superior Court of Hertford, that an account may be taken of the administration of the estate of C. W. Worrell, by the plaintiff, as his administrator, so that it may be ascertained what amount of this judgment, in due course of administration, shall be due them upon a *pro rata* application of the assets to the class of debts to which this debt, upon which the judgment was founded, belongs; and to the further end, that upon the report of the referee, the amount which shall be found applicable to the defendants' judgment may be adjudged to be paid them.

And it is further declared that the administrator, in taking the account, may make all necessary parties, to effect a final account of his administration, the Superior Court in Term having incidental jurisdiction to take the administrator's account in such a case, as was held in *Whedbee* v. *Riddick*, 79 N. C., 521.

Judgment modified, and case remanded to be proceeded with in conformity to this opinion.

Modified.                                        Remanded.