CUMMER LUMBER COMPANY v. SEMINOLE PHOSPHATE COMPANY.

(Filed 25 February, 1925.)

**Employer and Employee—Contracts—Collections—Salaries—Deductions —Corporations—Receivers—Liens.**

Where an employee of a corporation has money in his hands collected for the corporation, and accepts another position, that of State manager of the same corporation, under a contract that he shall deduct his salary and expenses from the collections he may make for the company as such manager, and files his claim against the receiver of the corporation, which has become insolvent, the claimant may only deduct from his collections as state manager, his salary and expenses as such, and the balance is held by him as a fiduciary and not subject to his salary then due him in the former occupation, and the former services having been rendered more than two months prior to the receivership, he can acquire no superior rights to general creditors to the surplusage.

APPEAL by administrator of R. H. McCrary, from *Barnhill, J.,* at October Term, 1924, of WAYNE.

Claimant filed claim with the receiver of defendant, appointed in the above entitled action. Exceptions to the report of the receiver with respect to this claim were heard, upon appeal, by *Barnhill, J.* From his judgment, claimant appealed, assigning errors, upon exceptions, duly noted, to conclusions of law, in accordance with which judgment was rendered.

*D. H. Bland and E. M. Land for appellant.*
*Kenneth C. Royall for appellee.*

PER CURIAM. Prior to February, 1923, R. H. McCrary was employed by defendant, Seminole Phosphate Company, as salesman in Eastern North Carolina. He had authority to make collections for the company. Out of sums of money in hand from collections, he was authorized to pay expenses incurred in performance of his duties as salesman. There is a balance due him by the company, on account of salary and expenses, earned and incurred prior to February, 1923, of $876.46.

In February, 1923, McCrary was sent by the company to the State of Florida, to take complete charge of the company's business in that state as general manager. He had authority to make collections for the company in that state, and out of moneys collected to pay all expenses, incident to the company's business in Florida, including his salary. He collected for the company, as general manager, in Florida, $1,783.98. His salary for two months, and the sum paid for expenses incurred by the company in Florida amounted to $1,241.06.

His Honor held that claimant should be allowed to deduct the sum of $1,241.06, covering salaries and expenses, as general manager in Florida, from the sum of $1,783.98, the sum collected by him, leaving the balance due by him as general manager for Florida, $542.92. This sum his Honor ordered and directed claimant to pay to receiver of defendant. His Honor further approved and allowed as a valid claim in favor of claimant the sum of $876.46, the balance due claimant for salary and on expense account, prior to February, 1923.

Receiver of defendant was appointed on 19 April, 1923. Claimant contends that he should be allowed to deduct the sum of $542.92, the balance in his hands as general manager from the amount of his claim as salesman, allowed by his Honor. He excepted to the refusal of his Honor to allow this contention, and assigns same as error.

Under the contract between claimant and the company, the sum due claimant, for salary and expenses incident to the Florida business, was properly deducted from the sum collected by him, as general man-

ager. The balance due, to wit, $542.92, was held by claimant as a fiduciary; his withholding and refusal to pay same, was a tort.

The sum due to claimant by the company for salary and expenses, accrued and incurred prior to February, 1923, was due by contract, and was a valid claim against the receiver. No part of it, however, was due for services rendered within two months prior to appointment of receiver and therefore claimant has no lien for same under C. S., 1197.

"A party cannot set up as a counterclaim to an action in tort matters which arise out of a contract, unconnected with the transaction sued on." *Smith v. Young,* 109 N. C., 224, cited and approved by *Walker, J.,* in *Hamilton v. Benton,* 180 N. C., 79. See, also, *Mauney v. Ingram,* 78 N. C., 96.

Assignment of error is not sustained and the judgment is

Affirmed.