In THE MATTER OF J. L. MILLER, ADMINISTRATOR OF M. H. STANSBERRY. DECEASED.

(Filed 2 February, 1940.)

Executors and Administrators § 15j—Petitioners held precluded from asserting claim of right to offset debt due estate by failure to assert such claim in apt time.

When judgment upon a money demand is rendered in favor of the administrator of an estate against the parents of decedent, and at the same term of court judgment is rendered against the administrator upon obligations of decedent which were outstanding at the date of his death in favor of his parents, the failure of the parents to demand at that time the right of offset precludes them from thereafter asserting the right to offset as against the general creditors of the estate, the assets of the estate being insufficient to pay general creditors in full. Whether a person is entitled to offset a debt due by him to an insolvent estate by his claim against the estate, *quære.*

APPEAL by administrator from *Alley, J.,* at July Term, 1939, of ASHE. Reversed.

*Ira T. Johnston and Grant Bauguess for appellant.*
*Bowie & Bowie for appellees.*

SEAWELL, J. This proceeding involves the propriety and validity of set-off between the administrator and a debtor-creditor of the estate upon matters of debt between appellees and the intestate Stansberry prior to

the death of the latter, as a procedural matter in the settlement and distribution of the estate.

During the lifetime of M. H. Stansberry, William H. Stansberry and Julia Stansberry, father and mother, executed to him a deed for land, in consideration of the payment on the part of the son of $600.00, and his further undertaking to support and maintain them for the term of their natural lives. After the death of the son, William H. Stansberry and Julia Stansberry brought a suit to set aside the deed, on the ground that it was made upon condition precedent, which was impossible of performance, because of the death of M. H. Stansberry. The deed was set aside and the administrator recovered against W. H. Stansberry and Julia Stansberry a judgment in the sum of $600.00 which had been paid as part consideration for the execution of the deed.

At the death of M. H. Stansberry there were outstanding obligations of his to William H. Stansberry and Julia Stansberry in the total sum of $836.82, which were reduced to judgment at the same term of the Superior Court at which the judgment in favor of the administrator and against the Stansberrys was obtained.

The administrator filed his account with the clerk of the court, declining to permit the judgment obtained by him to be offset by the judgments obtained against him by the Stansberrys, recognizing only the *pro rata* part of the latter judgments as proper allowances in the final account and in distribution of the assets among the general creditors, as the assets of the estate were insufficient to pay all the general creditors the full sums due them after distribution on preferred claims in accordance with C. S., 93.

Julia Stansberry and W. H. Stansberry appealed from the order of the clerk of the court approving the account of the administrator disposing of these items, and at July Term, 1939, of Ashe Superior Court, a judgment was rendered by Judge Alley reversing the order of the clerk of the Superior Court referred to upon exceptions thereto and requiring offset to be had between the judgments of Julia Stansberry and W. H. Stansberry and the judgment obtained against them by the administrator. From this the administrator appealed.

The decisions of this Court cannot be regarded as entirely consistent with respect to the right of the debtor-creditor of an insolvent estate to have his claim offset that of the administrator, (*Ransom v. McClees,* 64 N. C., 17, 22; *Rountree v. Britt,* 94 N. C., 104; *Pate v. Oliver,* 104 N. C., 458, 10 S. E., 709; *Whitlock v. Alexander,* 160 N. C., 465, 76 S. E., 538; but we do not feel that it is necessary to pass upon the question as developed in these decisions. It seems clear to us that the petitioners in this case had full opportunity to assert their claim against

IN RE MILLER.

the estate in the litigation pending between them and the administrator at the same term of the Superior Court, when independent judgments were obtained and cannot now be allowed to do so even if that procedure should be held permissible upon objections to a final account.

Upon the facts of this case, the judgment is

Reversed.