THE CITY OF WILMINGTON v. JOHN R. DAVIS.

By the Constitution of the State original jurisdiction of·civil actions is vested exclusively either in the Superior Courts or in Justices of the Peace; and Justices of the Peace are required to be elected by the several townships; *therefore,* the act of Dec. 10th 1868, (amending the charter of the City of Wilmington), so far as it gives to the Judge of the Special Court jurisdiction of certain penalties and fines, and the general powers of a Justice of the Peace, is void.

ACTION, to recover a penalty, brought before *Cantwell, J.,*

CITY OF WILMINGTON *v.* DAVIS.

at April Term 1869 of the Special Court of the City of WIL-MINGTON.

No statement of facts here is necessary.

Judgment for the plaintiff, from which the defendant appealed.

No counsel for the appellant.

*Attorney General, contra,*

RODMAN, J. This was an action brought before the Special Court of the City of Wilmington, to recover the penalty for a violation of an ordinance of that city in keeping open a barber shop on Sunday. A question of jurisdiction meets us on the threshold, which cannot be avoided: Has the Special Court of the City of Wilmington any civil jurisdiction? Being a Court of limited and special jurisdiction, its jurisdiction must appear in all cases, and cannot be presumed, as it might be of a Court of general jurisdiction. By an act ratified Aug. 11th 1868 (Acts of 1868, ch. 12, p. 13), the Legislature established a Special Court in the City of Wilmington, and gave it juris-diction over misdemeanors committed in that City. By an act ratified Dec. 18th 1868, entitled "An Act to amend the charter of the City of Wilmington," the Legislature (sect. 2,) made all penalties and fines imposed by any ordinance of the City Government, recoverable before the Judge of the Special Court; and also (sect. 5) gave him all the powers of a Justice of the Peace.

It is by virtue of these acts that the Special Court claims the jurisdiction in question. Are they consistent with the Constitution?

Article IV, Sect. 4, of the Constitution enumerates Special Courts as one of the classes of Courts in which the judicial power of the State is vested. Section 19 says, "The General Assembly shall provide for the establishment of Special Courts for the trial of misdemeanors in cities and towns, when the same may be necessary." Perhaps if this section stood alone, it might be contended that the Legislature, by virtue of its

general power to legislate where not forbidden, might never-theless confer civil jurisdiction on the Special Courts. How-ever convenient this might be, it seems to us to be expressly forbidden. Section 15 of Article IV says: "The Superior Courts shall have exclusive original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other Court;" and section 33 gives to the Justice of the Peace exclusive original jurisdiction of all civil actions foun-ded on contract, wherein the sum demanded shall not exceed two hundred dollars &c. An action for a penalty is a civil action, and is technically classed among those which are *ex contractu:* hence it would seem clear that a Justice of the Peace must have exclusive jurisdiction of it, when the amount claimed is within the constitutional limit.

The attempt by section 5 of the act of Dec. 18th 1868, to confer the power of a Justice of the Peace on the Judge of the Special Court cannot avail, for Art. VII, sec. 5 of the Constitution requires Justices of the Peace to be elected by the several townships, and the Legislature cannot change the mode of their appointment. With this view of the jurisdic-tion of the Special Court, it is unnecessary to consider the effect of the two city ordinances, the more especially as the mayor and aldermen can so easily clear them of any obscurity. Action dismissed.

Let this opinion be certified, &c.

PER CURIAM.                              Action dismissed.