TOWN OF EDENTON *v.* JACOB WOOL and GEORGE CRAWLIN.

The Legislature cannot confer on the Mayor of a town the judicial powers of a Justice of the Peace in civil actions. Article 4, section 33, confers exclusive original jurisdiction on Justices of the Peace wherever the sum demanded does not exceed two hundred dollars.

The State Constitution requires that Justices of the Peace shall be elected by townships, whilst Mayors are elected only by towns and cities. *Wilmington* v. *Davis*, 63 N. C. 582, cited and approved.

This was an appeal from an alleged judgment rendered by the Mayor of Edenton against the defendants for a violation of a town ordinance, and known as Ordinance No. XVI—in which it is declared that " no bar room or house where liquors are sold shall be opened on the Sabbath," &c. The defendants were fined twenty-five dollars and costs, and the said appeal was tried before *Pool, J.,* at Spring Term, 1871, of CHOWAN Superior Court.

The defendants moved to dismiss the action, because, amongst other grounds, that the Mayor of Edenton had no jurisdiction over the subject matter.

*Smith,* for defendants, cited *Wilmington* v. *Davis,* 63 N. C. 582.

RODMAN, J. The town of Edenton was originally incorporated many years ago. At the session of 1869–'70, (*Private Acts ch.* 123, *p.* 232,) the Legislature re-incorporated it, and attempted to give to the Mayor of the town, the jurisdiction of a Justice of the Peace.

This is an action for a penalty for breach of a town ordinance ; and is technically, a civil action arising out of a contract.

The question presented is, whether the Legislature could constitutionally confer on an officer elected by the voters of a town, but not of a township, the judicial powers of a Justice of the Peace in such an action ?

We think the principles on which the case of *Wilmington* v. *Davis* 63, *N. C.* 582, was decided, must control our decision. It would probably be convenient to the inhabitants of towns for their chief officer to have such powers.

The generality of the question presented, has induced us to re-consider with care the reasoning pursued in that case. We have not been able to see how any other decision could be reconciled with the provisions of the Constitution. That instrument, (Art. IV. s. 33,) enacts : " The several Justices of the Peace, shall have *exclusive* original jurisdiction, under such regulations as the General Assembly shall prescribe, of all civil actions founded on contract, wherein the sum demanded shall not exceed two hundred dollars, &c."

Under this positive grant of *exclusive* original jurisdiction to Justices of the Peace, we do not see how the Legislature can give a concurrent jurisdiction to any officer, other than a Justice of the Peace.

It seems clear also, that merely calling the chief officer of a town a Justice of the Peace, or conferring on him the functions of one, cannot make him one in the sense of the Constitution. By Art. VII. s. 5, a Justice of the Peace can only be a person elected to that office by the qualified voters *of a township*. It is not alleged that the town of Edenton constitutes a

township by itself; it is part of a township; and the Mayor is elected not by the township, but by the town alone. The duties of a Justice must extend over a whole township, and it is inconsistent with the spirit as with the letter of the Constitution, that he should be elected by the voters within any limited part of it. We think the plea to the jurisdiction must be sustained.

Our opinion on this point renders it unnecessary to consider the other points made by the defendant.

Whether the Legislature, if so disposed, could obviate any supposed inconveniences of this limitation of its power, by making any particular city or town, in which it was thought desirable to vest the chief officer with the functions of a Justice, a township by itself, and by then giving him those functions; or, by making the chief officer of any city or town elective as a Justice, by the voters of the whole township; or, by making the chief officer of any city or town a Special Court, with power to try misdemeanors, under s. 19, of Art. IV., is entirely for its consideration, and we could not venture to offer even a suggestion.

PER CURIAM.                                    Judgment affirmed.