*WILLIAM J. DOUGHTY v. THE ATLANTIC & NORTH CAROLINA RAILROAD COMPANY.

*Practice -- Demurrer to Complaint -- Misjoinder of Actions.*

1. A complaint which contains a cause of action founded on contract and one for an injury to property (in tort) is demurrable under C. C. P. § 126. (Division of action under § 131 C. C. P. suggested.)
2. An action for a penalty, given by statute to any person injured, is an action on contract.
3. An action to recover damages for illegally obstructing a navigable river, is an action in tort.

(*Logan v. Wallis*, 76 N. C. 416, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1877, of CARTERET Superior Court, before *Seymour, J.*

This action was brought to recover damages and also the penalty prescribed by an "Act to prevent obstructions to navigation in the waters of Newport River, Carteret County." (Laws 1874, '75, ch. 99.) It was alleged that Newport River was a navigable stream, and that defendant put a "draw" in its bridge across the same when its road was first built, and kept it in such repair as not to obstruct the passage of masted vessels, until that section of the State was

*Faircloth, J. being a stockholder in defendant company did not sit on the hearing of this case.

occupied by the Federal Army during the war between the States. And the plaintiff further alleged that he had been greatly damaged by the act of the defendant in obstructing navigation of said river, and its refusal or neglect to provide a "draw" for the passage of vessels as aforesaid, since the year 1865; and that he has purchased a farm on said river above the railroad bridge, and has expended a large sum of money in improvements thereon, expecting to have the free navigation of said river in shipping wood, lumber, produce, &c. Wherefore the plaintiff demanded judgment for $500 a year, from September, 1867, to April, 1875; and also for the penalty of $50 a day from April, 1875, until the obstruction to the navigation of said river is removed.

The defendant demurred to the complaint and assigned as cause, * * * (6) That plaintiff cannot maintain this action for a penalty, as the law points out a different mode of redress, and (7) that several causes of action are joined in the complaint, to-wit, trespass, trespass on the case, and debt; and that said complaint is in other respects uncertain and insufficient.

His Honor sustained the demurrer and dismissed the action. From which ruling the plaintiff appealed.

*Mr. S. W. Isler*, for plaintiff.
*Messrs. A. G. Hubbard, W. J. Clarke* and *D. G. Fowle*, for defendant.

RODMAN, J. One of the grounds of demurrer assigned is that the plaintiff in his complaint has joined a cause of action on contract, with one for an injury to property, which is not allowed by C. C. P, § 126. *Logan* v. *Wallis*, 76 N. C. 416.

An action for a penalty given by statute to any person injured, is an action on contract. This has been the settled

law. 3 Blackstone's Com. 158, 160, 161. These authorities were cited by *Hubbard* and *Clarke* for defendant, and sustain their position on that point. Judge Story says an action of assumpsit will lie upon a statutory liability. Opinion of STORY, J., in *Bullard* v. *Bell*, 1 Mason Rep. 243, 292, 299.

It is equally clear that an action to recover damages for illegally obstructing a navigable river, is an action for an injury to property, as it is called in C. C. P. § 126, or as it may more briefly and quite as intelligibly be called, an action in tort.

We sustain the demurrer on this ground, and it is unnecessary to consider any others. If when the Judge sustained the demurrer, the plaintiff had requested the Judge to divide the action, we may assume that he would have done so under § 131 of C. C. P., but this Court cannot do it.

Demurrer sustained. Defendants will go without day and recover costs in this Court.

PER CURIAM.                          Judgment affirmed.


RODMAN, J. The cases of *Roberts* v. *A. & N. C. R. R. Co.*, and of *Sanders* v. *A. & N. C. R. R. Co.*, are in all respects material for the present purpose, similar to the above case. The judgment is the same in these as in the above case, and for the reasons stated in the opinion in that case.