WACHOVIA NATIONAL BANK v. H. B. IRELAND and wife.

(Decided April 12, 1898).

*Action to Enforce a Charge Upon Separate Estate of Married Woman—Husband and Wife—Charge on Wife's Separate Estate—Consent of Husband—Privy Examination of Wife— Acknowledgment—National Banks, Suit by—Counter Claim—Usury.*

1. Where an instrument executed by a husband and wife specifically charges the latter's land with the payment of a debt, the consent of the husband need not be specifically set out in the deed, since his joining in the conveyance is sufficient evidence of his consent.

2. Unless a different intent appears, a deed executed to secure the payment of a note will secure all renewals thereof.

3. As between the parties, a married woman may, with the written consent of her husband, charge her land with the payment of a debt without executing a mortgage.

4. Where a husband and wife convey the wife's land to secure a debt specified in the mortgage, her privy examination is necessary.

5. A defence by a married woman that her privy examination as to her execution of a deed was procured by fraud and imposition is unavailable unless supported by an allegation that the grantee had notice of or participated in the same.

6. The privy examination of a married woman as to her execution of a deed is not invalid because taken by a notary public who was a

clerk in the office of the grantee, but had no interest in the transaction.

7. Under the Act or Congress of 12th July, 1882, conferring upon State Courts jurisdiction of actions by and against National Banks, a defendant in an action by a National Bank in a State Court may set up a counter claim founded on the State usury law.

CIVIL ACTION tried before *Starbuck, J.*, at January, 1898, Special Term of FORSYTH Superior Court on complaint and answer. His Honor rendered judgment for the plaintiff, and defendants appealed. The nature of the action and the contentions of the parties sufficiently appear in the opinion. The instrument by which the charge was made upon the separate estate of the *feme* defendant was as follows :

"STATE OF NORTH CAROLINA,
          *Forsyth County.*

This paper writing witnesseth : That whereas H. B. Ireland and his wife, A. S. Ireland, of said county and State, have executed and delivered to the Wachovia National Bank, of Winston, N. C., their following notes for borrowed money, to-wit: One note in the sum of $1,000, dated October 5, 1894, payable 4 months after date; one note in the sum of $1,000, dated November 1, 1894, payable 4 months after date; one note in the sum of $1,000, dated November 3, 1894, payable 4 months after date, one note in the sum of $1,000, dated December 1, 1894, payable 4 months after date; one note in the sum of $1,000, dated December 13, 1894, payable 4 months after date; one note in the sum of $1,000, dated January 12, 1895, payable 4 months after date; and whereas the said A. S. Ireland has endorsed the following notes, signed by H. B. Ireland, executed to E. A. Ebert & Co., and endorsed over to the said Wachovia

National Bank, and now held by it, to-wit:  One note in the sum of $1,040.67, dated October 3, 1894, and payable 6 months after date; one note in the sum of $1,080.67, dated October 3, 1894, and payable 12 months after date; one note in the sum of $1,120.67, dated October 3, 1894, and payable 18 months after date; and, whereas the said H. B. Ireland and his wife, A. S. Ireland, have executed and delivered said notes, and the said A. S. Ireland has endorsed the said notes with good faith, and with full intention to pay the same according to the terms thereof; and whereas the said H. B. Ireland desires to give his written consent to the signing and endorsing of said notes by his said wife, A. S. Ireland; and whereas the said A. S. Ireland desires to bind her separate estate for the payment of her aforesaid obligations, and to mention specifically the separate estate so bound and charged by her; now, therefore, the said H. B. Ireland, for himself, does hereby ratify and confirm and give his written consent to the signing and execution and delivery and endorsement of the aforesaid obligations, and any and all renewals of the same, by his said wife, A. S. Ireland, and also gives his written consent to the execution of this paper writing by his said wife, A. S. Ireland, and the said A. S. Ireland, for herself, and by the written consent of her husband, as aforesaid, does hereby charge and specifically bind her following separate estate for the payment of all her aforesaid obligations and any and all renewals thereof, the said separate estate so charged and bound by her being as follows, to-wit:  First, a tract of land containing 350 acres, lying in or near Fulton, in Fulton Township, in Davie county, N. C., and known as the home place, and being the land which descended to the said A. S. Ireland from the estate of her mother, Emma

Sharpe; second, also a tract of land containing 500 acres, known as the county line place, in Callhan Township, in Davie county, N. C.

The consideration for the execution and delivery of this paper writing to the Wachovia National Bank is for the aforesaid purposes, and the further consideration of the sum of one dollar in hand paid to the said H. B. Ireland and his wife, A. S. Ireland, by the said Wachovia National Bank, the receipt of which is hereby acknowledged.

In testimony whereof the said H. B. Ireland and his wife, A. S. Ireland, have hereunto set their hands and seals the day and year first above written.

(Signed)  H. B. IRELAND,  [Seal].

(Signed)  A. S. IRELAND,  [Seal].

*Mr. E. E. Gray* for plaintiff.

*Messrs. Glenn & Manly* for defendants (appellants).

CLARK, J.: The deed executed by the husband and wife charging her land, is full and explicit. It specifies and describes the property to be charged, itemizes the debts for which said lands were charged, and sets out that the charge was executed with the written consent of the husband (though that sufficiently appears by his joining in the execution of the deed. *Jones* v. *Craigmiles*, 114 N. C., 613; *Bates* v. *Sultan*; 117 N. C., 94). The deed contains a covenant that the charge shall be binding for all renewals of the debts specified. This would be so without any agreement, unless a different intent appeared. *Hyman* v. *Devereux*, 63 N. C., 624; *Bank* v. *Manufacturing Company*, 96 N. C., 298.

The wife's privy examination was duly taken. There is a most rigorous compliance with the specific *charge*

required under *Flaum* v. *Wallace*, 103 N. C., 296, and *Farthing* v. *Shields*, 106 N. C., 289, for it is needless to say that the statute (*Code*, Section 1826), does not require any charge, but merely the written consent of the husband. Those decisions do not require that the charge shall be made by mortgage (*Bate* v. *Sultan*, *supra*), and it would be judicial legislation and, hence, retroactive, to hold that the carefully drawn charge in this case is insufficient. A mortgage would doubtless be essential as to third parties, but there is nothing that requires that the charge shall be made in that mode as between the parties themselves.

The *feme* defendant sets up that the privy examination is invalid because she was imposed upon by her husband's representations, was ignorant of the legal purport of the charge, and the officer who took the examination did not explain her rights to her. To this it must be observed : (1) No statute requires that the charge shall be made with privy examination. This is not a conveyance of real estate as to which the statute (*Code*, Sections 1246(5), 1256, 2106), still requires privy examination of the wife, but merely the contract of the wife, as to which the simple requirement of *The Code* (Section 1826) is "with written consent of her husband." (2) The allegation of ignorance, and being imposed upon by her husband, would not be sufficient even when a privy examination is required by statute, since she does not allege that the party to whom the instrument was made had knowledge of or participated in the alleged fraud or imposition. *Riggan* v. *Sledge*, 116 N. C., 87. (3) The Act of 1889, Chapter 389, provides that where a privy examination is duly certified, it shall not be held invalid because procured by fraud, duress or undue influence, unless the grantee had notice

of or participated in the same. Nor was it material, even if privy examination had been required by statute, that it was taken by a notary public who was an officer (a clerk) in the plaintiff's bank. He was not a party to the action, and is not shown to have been a stockholder of the bank or to have had any interest therein. It may be further noted that the notes specified in the charge were all signed, and likewise endorsed, by the *feme* defendant. She had the fullest knowledge.

The male defendant sets up in his answer specific allegations as to usury, and demands forfeiture of the interest, and, as a counter-claim, the recovery of double the interest paid by him. *The Code,* Section 3836, gives the action to recover double the interest, and it has been repeatedly held that this can be done by way of counter-claim to an action upon the note or bond. *Smith* v. *B. & L. Association,* 119 N. C., 257, 261; indeed, Chapter 69 of the Acts 1895 specially provides that this recovery may be had as a counter-claim in the action. The plaintiff not having replied to the counter-claim, the defendants would have been entitled to judgment thereon (*Code,* Section 249), but, as the case goes back, the Court in its discretion will doubtless permit the reply to be filed. *Code,* Section 274.

The plaintiff relied chiefly upon the ground that, being a National Bank, the defendant could not sue it in a State court for the recovery of double the interest, and therefore, of course, could not set up that demand as a counter-claim in this action. But by the Act, approved July 12, 1882, Congress conferred the jurisdiction of such actions upon the State courts. *Morgan* v. *Bank,* 93 N. C., 352.

It was error to render judgment upon the pleadings,

BANK *v.* IRELAND.

ignoring the defence of usury and counter-claim set up in the answer of H. B. Ireland.

Error.

FURCHES, J., concurring: I concur in the judgment of the Court, but not in the intimations therein that the *feme* defendant might have bound her real estate without acknowledgment and privy examination.

To hold that she could have done so, without acknowledgment and privy examination, would be contrary to the traditions of the common law and to all our adjudged cases.

Whether the Legislature could provide for the conveyance of the land by *femes covert* without acknowledgement and privy examination, is not the question. If it could do so, it has not done so, and I hope it will not. They have little enough protection now. Do not take this little from them.

FAIRCLOTH, C. J., and MONTGOMERY and DOUGLAS, J. J., concur in the concurring opinion.