### ELLEN McCLURE v. J. S. FULBRIGHT et al.

(Filed 2 January, 1929.)

**1. Costs—Persons Entitled.**

The party to an action summoning witnesses to testify in his behalf is liable for their witness fees which may be recovered in an action against him, and when it appears of record entry of the judgment by the clerk of the Superior Court that these fees have been taxed against the party recovering the judgment, and paid by him, he is entitled to recover them against the losing party to the action without showing that the witnesses had transferred or assigned their tickets to him. C. S., 1274, 1275.

**2. Pleading—Counterclaim—Actions on Contract—Judgments.**

An unpaid judgment in favor of a party to an action rendered previously to the commencement of the present action is in legal effect a contract upon which a counterclaim may be pleaded in an action by the opposing party brought against him to recover on a promissory note. C. S., 521.

Appeal by plaintiff from *Harwood, Special Judge,* at September Term, 1928, of Haywood. No error.

Action upon note executed by defendants, and payable to plaintiff.

Defendants admit the execution and nonpayment of the note; they plead as a counterclaim in this action a judgment rendered in another action in favor of defendants and against the plaintiff for the costs of said action.

The issues submitted to the jury were answered as follows:

"1. Are the defendants indebted to the plaintiff; if so, in what amount? Answer: Yes, $250.00, with interest from 24 December, 1925.

"2. Is the plaintiff indebted to the defendants; if so, in what amount? Answer: Yes, $322.00."

From judgment on the verdict that plaintiff recover nothing of the defendants, and that defendants go hence without day, and recover of plaintiff their costs in this action, plaintiff appealed to the Supreme Court.

*Hannah & Hannah* for plaintiff.
*Morgan & Ward, M. G. Stamey, Moody & Moody* and *J. D. Mallonee* for defendants.

CONNOR, J. There are no assignments of error upon plaintiff's appeal to this Court, with respect to the trial of the first issue. Defendants admitted the execution and nonpayment of the note sued on, by which defendants promised to pay to the order of the plaintiff the sum of two hundred and fifty dollars, with interest at six per cent from 24 December, 1925. The note became due prior to the commencement of this action. The answer to the first issue was in accordance with the instructions of the court, to which there was no exception.

There was evidence to the effect that on 24 December, 1925, plaintiff by deed duly conveyed to defendants certain land situate in Haywood County, North Carolina. The consideration for the note sued on in this action was the purchase money for said land. After the execution of said deed, plaintiff began an action in the Superior Court of Haywood County against the defendants for the purpose of having said deed declared void, and set aside. The action was tried at September Term, 1927, of said court, and resulted in a verdict and judgment in favor of defendants and against the plaintiff. In said action it was ordered and adjudged that defendants recover of plaintiff their costs to be taxed by the clerk. The costs as taxed by the clerk, including the witness fees, amounts to $362.30. A judgment for said sum, in favor of defendants and against the plaintiff has been duly docketed in the office of the clerk of said court. This judgment has not been paid by plaintiff, or by the surety on her prosecution bond filed in said action; no execution has been issued on said judgment against plaintiff, or against her surety. The judgment was in full force and effect on the date of the commencement of this action. Defendants allege that the amounts due to the witnesses as taxed by the clerk, and included in said judgment have been paid by and assigned to them, and that they are now the owners of said judgment. They plead said judgment as a counterclaim in this action.

Plaintiff, on her appeal to this Court, contends that there was no evidence at the trial tending to show that defendants are now or were on the date of the commencement of this action the owners of said judgment, for that they failed to offer evidence from which the jury could find that defendants had paid any of the fees taxed by the clerk, and included in the judgment, or that the amounts due for said fees had been assigned to defendants.

This action was begun on 10 November, 1927. The judgment docket offered in evidence by defendants, upon which said judgment is recorded,

shows entries on said docket opposite the names of the witnesses, as follows: "Assigned to J. S. Fulbright, 1 October, 1927." There is also attached to the judgment an assignment in writing of the fees due witnesses, which purports to have been signed by each of the witnesses. This assignment bears the following endorsement, in the handwriting of the clerk, "Received and filed 12 October, 1927." There is no evidence showing or tending to show that the witnesses whose names appear upon the docket or upon the assignment, signed the same, or authorized any one else to do so. There is no evidence showing or tending to show that the names of the witnesses appearing on the assignment are in their handwriting. We must, therefore, hold that there was no evidence from which the jury could find that the amounts taxed by the clerk as fees for the witnesses, and included in the judgment, have been assigned to defendants. The entries on the record were not evidence showing such assignment. *Tyson v. Joyner,* 139 N. C., 69, 51 S. E., 803. It does not follow, however, that defendants are not now, and were not on the date of the commencement of this action the owners of the judgment, rendered in their favor and against the plaintiff. An assignment of said judgment, or of the items included therein, was not required to constitute defendants such owners.

It is provided by statute that "every person summoned, who shall attend as a witness in any suit, shall, before the clerk of the court, or before the referee or officer taking the testimony, ascertain by his own oath or affirmation the sum due for traveling to and from court, attendance and ferriage, which shall be certified by the clerk; and on failure of the party, at whose instance such witness was summoned (witnesses for the State and municipal corporations excepted) to pay the same previous to the departure of the witness from court, such witness may at any time sue and recover the same from the party summoning him; and the certificate of the clerk shall be sufficient evidence of the debt. Where recovery may be had before a justice of the peace on a witness ticket, the justice shall deface the ticket by writing the word judgment, and deliver the same to the person of whom it is recovered." C. S., 1274.

It is further provided by statute that "at the court where the cause is finally determined the party recovering judgment shall file in the clerk's office the witness tickets; the amount whereof shall be taxed in the bill of costs, to be levied and recovered for the benefit of said party. The party cast shall not be obliged to pay for more than two witnesses to prove a single fact." C. S., 1275. Notwithstanding the last provision in the foregoing statute, all the witnesses who have attended the trial, and who have proved their attendance, are entitled to recover their fees and mileage of the party at whose instance they were

summoned. Such party, however, is entitled to recover of the party cast only the amount paid by him or due to two witnesses who were summoned and who testified as to a single fact. *Cureton v. Garrison,* 111 N. C., 271, 16 S. E., 338. A judgment for costs, including fees due to the officers and to witnesses, is for the benefit of the party in whose favor the judgment was rendered, and not for the benefit of the officers and witnesses. The officers may demand their fees in advance of rendering the service required of them, and the witnesses are entitled to recover their fees of the party at whose instance they were summoned. The statute contemplates that the fees due witnesses shall be paid by the party liable for them, and that the witness tickets shall be filed with the clerk by such party, and not by the witnesses. When the costs have been taxed by the clerk, and included in the judgment, the party in whose favor the judgment was rendered is the owner thereof. No assignment of the fees by the officers or witnesses to whom they were originally due is required to constitute such party the owner of the judgment.

Plaintiff contends that, conceding that defendants are now and were at the date of the commencement of this action, the owners of the judgment for costs, rendered in the former action between them, defendants cannot avail themselves of said judgment as a counterclaim in this action. This contention cannot be sustained.

This is an action on a contract to which plaintiff and defendants were parties. Any cause of action arising on a contract, and existing at the commencement of this action, in favor of defendants and against plaintiff, may be pleaded by defendants, in their answer, as a counterclaim. C. S., 521. It has been said that "this statute is very broad in its scope and terms, is designed to enable parties litigant to settle well nigh any and every phase of a given controversy in one and the same action, and should be liberally construed by the court in furtherance of this most desirable and beneficial purpose." *Hoke, J.,* in *Smith v. French,* 141 N. C., 1, 53 S. E., 435. "The test of a counterclaim as provided by statute is: could the defendant maintain an action against the plaintiff?" *Pearson, C. J.,* in *Battle v. Thompson,* 65 N. C., 407.

It is well settled that, by construction of law, a judgment is a contract for most purposes. Defendants had a cause of action against plaintiff, existing at the commencement of this action. This cause of action was upon contract. The judgment was therefore properly pleaded as a counterclaim, and there was no error in the trial below with respect to the second issue. It has been generally held that a judgment may be pleaded as a counterclaim. 24 R. C. L., p. 824, sec. 31. The judgment is affirmed. There is

No error.