The complaint alleges that on 24 March, 1941, the plaintiff entered into a written contract with the defendant to make patterns for and cut certain goods out of which to make ladies' suits and slacks, "and pursuant to said agreement defendant began working for plaintiff in its plant, having charge of the designing, cutting and such duties necessarily connected with his said work; . . . that the saleability of the products manufactured by the plaintiff depends principally on proper designing, cutting and pattern making, all of which the defendant contracted and agreed to, . . . . the completion and finishing of the said products being dependent upon the manner in which they were cut and designed by the defendant"; that upon the refusal and return of a large number of ladies' suits and slacks "as a result of said faulty and defective work performed by defendant . . . the products so shipped were of very little value and could not be disposed of in stores desiring to retain the prestige and good will of their patrons"; that plaintiff suffered loss of money, business and prestige "due to the neglect and failure of the defendant to properly make and prepare designs and patterns and in his neglect and failure to properly design said garments manufactured by plaintiff in accordance with the contract entered into by defendant with plaintiff, *Page 73 
and upon which plaintiff had relied," and that "by reason of the matters and things hereinabove alleged plaintiff sustained a serious loss and was permanently damaged . . . and in consequence thereof plaintiff was damaged in the sum of $10,000.00."
The answer admits that the defendant entered into a written contract with the plaintiff, but "specifically alleges that the return of said merchandise was in no respect the fault of the defendant . . . and that if the plaintiff lost prestige and good will on account of the merchandise it shipped to its customers, the same was in no respect the fault of the defendant," and denies the allegations of the complaint that the plaintiff sustained any loss by reason of the matters and things alleged therein.
For a further answer and defense to the plaintiff's alleged cause of action, the defendant says that according to the terms of his written contract with the plaintiff the defendant was "to cut and make the patterns for said ladies' suits and slacks" and that plaintiff never intimated to the defendant that any goods were ever returned on account of any default or neglect in the work of the defendant and "that the defendant is advised, informed and believes that this action was maliciously instituted against him for the sole reason that the plaintiff had information that the defendant was about to institute an action against the plaintiff to recover for overtime and underpayment under the Federal Fair Labor Standards Act of 1938," and by way of counterclaim the defendant says "that the plaintiff is engaged in the business of manufacturing men's, women's and children's leather jackets; that the plaintiff purchases all or a large part of its materials used in the manufacture of said clothing from points outside the State of North Carolina, and sells and ships all or a large part of its manufactured products to parties outside of the State of North Carolina, conveying the same in interstate commerce by railroad, truck and other carrier. That on the 24th day of March, 1941, plaintiff employed defendant to work in its plant . . . in the city of Asheville, . . . at the work of designing and cutting the materials for said men's, women's and children's leather jackets manufactured by the plaintiff, thereby furthering the production of goods designed and intended for sale and shipment in interstate commerce and being employed directly in interstate commerce, or at a process or occupation necessary to interstate commerce"; that according to the written contract entered into on 24 March, 1941, between plaintiff and defendant, the plaintiff promised and agreed to pay the defendant certain weekly wages from 24 March, 1941, to 28 June, 1941, and another weekly wage from 28 June, 1941, to 31 December, 1941, and yet another weekly wage from 1 January, 1942, to 25 April, 1942, and that it was understood between the parties that the scale of weekly wages *Page 74 
was to be for a work week in strict conformity with the Federal Fair Labor Standards Act of 1938, that is for a work week of 40 hours each week; that instead of requiring the defendant to work 40 hours each week, the plaintiff required defendant to work many hours over and above 40 hours per week, amounting between 24 March, 1941, and 25 April, 1942, to 1156 hours overtime; that according to the terms of the Federal Fair Labor Standards Act of 1938 the defendant is entitled to receive one and one half times his base pay for all hours worked in excess of the 40 hours per week during the period he was employed by the plaintiff; that for the said period from 24 March, 1941, to 25 April, 1942, the defendant is entitled to recover of the plaintiff the total sum of $1,771.87, for overtime under the Federal Fair Labor Standards Act of 1938, and the like sum of $1,771.87 as liquidated damages as fixed by said act, and reasonable attorney's fee for prosecuting this action.
The plaintiff filed a demurrer to the counterclaim of the defendant alleging that the cause of action set forth therein is (1) not a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, nor is it connected with the subject of the plaintiff's action, and (2) that the counterclaim is not such a demand as can be set up as a counterclaim in this action.
The cause came on to be heard upon the plaintiff's demurrer to the counterclaim of the defendant, and the Court being of the opinion that the demurrer was not well grounded, overruled it, and the plaintiff objected, preserved exception and appealed to the Supreme Court.
C. S., 521 (now G.S., 1-137), reads: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."
There is no controversy as to the counterclaim alleged existing in favor of the defendant and against the plaintiff between whom several judgments might be had in the action. In view of our opinion, it is unnecessary to decide whether the counterclaim alleged constitutes a cause of action arising out of the contract or transaction set forth in the *Page 75 
complaint as the foundation of the plaintiff's claim, or is connected with the subject of the action.
The action alleged in the complaint is for a breach by the defendant of a contract to make patterns for and cut certain goods for the plaintiff, out of which to make ladies' suits and slacks, and this alleged action isex contractu, notwithstanding the breach may have been caused by the neglect or failure of the defendant to perform his obligations thereunder. Such being the case, under subsection 2 of the statute (G.S., 1-137), "any other cause of action arising also on contract, and existing at the commencement of the action" may be set forth as "new matter constituting a defense or counterclaim." G.S., 1-135.
The counterclaim set forth in the answer sounds in contract. It is to enforce, or to collect, a penalty and such actions have been universally held by us to be ex contractu. "An action for a penalty given by a statute to any person injured, is an action on contract. This has been the settled law. 3 Blackstone's Com., 158, 160, 161." Doughty v. R. R., 78 N.C. 22;Katzenstein v. R. R. Co., 84 N.C. 688; Edenton v. Wool, 65 N.C. 379;Wilmington v. Davis, 63 N.C. 582.
The cause of action originally alleged by the plaintiff being upon contract, the cause of action set forth by the defendant, arising also upon contract, could, under subsection 2 of G.S., 1-137, be properly pleaded as a counterclaim, and for that reason the demurrer to the counterclaim was properly overruled.
The judgment of the Superior Court is
Affirmed.