COMMERCIAL FINANCE COMPANY v. WALTER D. HOLDER.

(Filed 1 February, 1952.)

**1. Trover and Conversion § 1—**

Allegation that defendant salesman sold merchandise for plaintiff and failed to account for the proceeds sets up a cause of action in tort for conversion of funds.

**2. Pleadings § 10—**

In plaintiff's action in tort for conversion of funds by defendant agent, defendant may not set up a counterclaim in contract which neither is connected with plaintiff's subject of action nor arises out of transactions set forth in the complaint. G.S. 1-137 (1) (2).

**3. Same—**

In plaintiff's action in tort for conversion of funds by defendant agent, defendant may not set up a counterclaim for the penalty for usury. G.S. 1-137 (1). G.S. 24-2.

**4. Same—**

In plaintiff's action in tort for conversion of funds by defendant agent, defendant may not set up a counterclaim upon contract to recover the reasonable value of services rendered by defendant to plaintiff.

APPEAL by plaintiff from *Crisp, Special Judge,* at April Term, 1951, of FORSYTH.

Civil action to recover for alleged conversion of money,—heard upon demurrer by plaintiff to further answer and defense and counterclaim of defendant.

Plaintiff alleges in its complaint, substantially the following:   That on each of four certain dates in the years 1948 and 1949, plaintiff and defendant entered into an agreement by the terms of which plaintiff delivered to defendant a certain automobile which he, as agent of plaintiff, might sell to a third person, and, upon such sale, remit immediately to plaintiff a certain amount, and retain any of the proceeds over and above this amount,—it being agreed that in collecting the amount to be so remitted defendant would collect it as plaintiff's agent; that the amounts to be so collected and remitted to plaintiff by defendant are $824, $618, $580 and $812; that defendant sold all of these automobiles, and has collected therefor as agent of plaintiff the sum of $2,834, and after demand by plaintiff, defendant has failed and refused to turn same, or any part of it, over to plaintiff, and has thereby "wrongfully and unlawfully misappropriated, misapplied and converted same to his own use and benefit," etc.

And plaintiff further alleges in its complaint that under similar agreement on 14 January, 1949, as to two other automobiles, defendant received $650 property of plaintiff, and remitted only $400, wrongfully converting to his own use and benefit the remaining amount of $250.

Upon these allegations plaintiff alleges damage sustained by it in the total sum of $3,084, for which it prays judgment.

Defendant, answering, denies in material aspects the allegations of the complaint.   And, by way of further answer, further defense and counterclaim, defendant avers, in paragraphs numbered 1 to 14, both inclusive, matters in defense in relation to matters alleged in the complaint.   And then defendant further avers:

"15. That in addition to the counterclaim heretofore alleged, this defendant alleges that within three years from this date, he has borrowed considerable sums of money from the plaintiff, financing automobiles, and has repaid said loans.   That the amount of said loans, the length of same, and the amount of interest paid are as follows: (Here are listed twenty items, totalling $1,658.53 as interest paid).

"16. That the amount of interest paid upon the various loans above set out is far in excess of the legal rate of interest, and that said interest having been knowingly charged by the plaintiff, and the same having been knowingly received by the plaintiff, the same having been intentionally charged in violation of law, entitles this defendant to recover of the plaintiff double the amount of interest, to wit: $3,317.06.

"17. That in addition to the counterclaims above set out, this defendant was engaged by the plaintiff to make trips and to render services for the benefit of the plaintiff, for which the plaintiff agreed to pay this defendant a reasonable and fair sum. That the trips so made are as follows: (Listed,—no one of which is connected with matters alleged in complaint). That the foregoing services were all rendered to and for, and on behalf of the Commercial Finance Company, and that the reasonable value of said services is $100, and that this defendant, therefore, is entitled to recover of the plaintiff for these services, on this counterclaim, the sum of $100."

(Then follows paragraphs 18 and 19, which, by consent, are stricken from the answer).

"20. That the defendant is entitled to recover upon his various counterclaims the amounts set out in said counterclaims."

Plaintiff demurred to the further answer, further defense and counterclaims of defendant, as set forth above, for the reason that the same constitutes a misjoinder of causes, which cannot be properly used by way of counterclaim or set-off in an action such as brought by plaintiff.

"1. The alleged counterclaim set forth by the defendant in paragraphs 15, 16 and 20 is improperly joined with the other defenses, counterclaims and set-offs alleged for the reason that the claims therein set forth neither are ones arising on contract, nor did they arise out of the transaction set forth in the plaintiff's complaint as is required by the statute. Further, that the claim therein asserted is one for the recovery of a penalty authorized by statute and cannot be urged as a counterclaim except as provided by the statute, no provision having been made for such counterclaim in actions as brought by this plaintiff. . . .

"3. The matters set forth in paragraphs 17 and 20 are improperly joined with other defenses, set-offs and counterclaims, even though arising on contract for the reason that they did not arise out of the same transaction set forth in plaintiff's complaint. . . ."

And, therefore, plaintiff moves that the further answer, further defense and counterclaim of defendant be dismissed.

When the case came on for hearing upon the foregoing demurrer of plaintiff, the presiding judge entered an order separately overruling the demurrer of plaintiff (1) "to the counterclaim of defendant, set forth in paragraphs 15, 16 and 20," and (2) "to the cause of action set forth in paragraphs 17 and 20." Plaintiff excepted to each ruling.

The presiding judge, also, in said order, in his discretion allowed defendant to amend paragraphs 15, 16 and 17 of the answer, "in order to show that said cause of action contained in these paragraphs existed prior to the time of the filing of the complaint." Exception by plaintiff.

Plaintiff appeals to Supreme Court and assigns error.

*William S. Mitchell for plaintiff, appellant.*
*Elledge, Johnson & Browder for defendant, appellee.*

WINBORNE, J.   The assignments of error presented on this appeal are based upon exceptions to the rulings of the trial court in respect to the demurrer filed by plaintiff, and appear to be well taken.  G.S. 1-137 (1) and (2).   See also *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614; *Smith v. Gibbons,* 230 N.C. 600, 54 S.E. 2d 924.

The answer of a defendant must contain a statement of any new matter constituting a defense or counterclaim . . . etc.  G.S. 1-135.   Such counterclaim "must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action :

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's complaint, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." G.S. 1-137.

In the light of this statute, it is seen that the cause of action set out in plaintiff's complaint sounds in tort for conversion of funds.  *Lumber Co. v. Phosphate Co.,* 189 N.C. 206, 126 S.E. 511; *Hamilton v. Benton,* 180 N.C. 79, 104 S.E. 78; *Smith v. Young,* 109 N.C. 224, 13 S.E. 735; *Bazemore v. Bridgers,* 105 N.C. 191, 10 S.E. 888.

And on the other hand, the causes of action set out by defendant, by way of counterclaim, are in contract, and do not arise out of transactions set forth in the complaint as the foundation of plaintiff's complaint, nor are they connected with the subject of the action.

The cause of action set up by defendant in paragraphs 15 and 16, by way of counterclaim, is for the recovery of penalty for alleged usury. G.S. 24-2.   Such an action, being for recovery of a penalty given by a statute, is, under decisions in this State, considered to be an action on contract.  *Doughty v. R. R.,* 78 N.C. 22; *Katzenstein v. R. R.,* 84 N.C. 688; *Hodges v. R. R.,* 105 N.C. 170, 10 S.E. 917; *Carter v. R. R.,* 126 N.C. 437; 36 S.E. 14; *Smoke Mount Industries v. Fisher,* 224 N.C. 72, 29 S.E. 2d 128; *Williams v. Gibson,* 232 N.C. 133, 59 S.E. 2d 602.

And the cause of action set up by defendant in paragraph 17 is based expressly upon contract.

Hence, applying the provisions of G.S. 1-137, 1 and 2, neither cause of action set up by defendant may be properly pleaded as a counterclaim to plaintiff's cause of action.   Under sub-section 1 of this statute it is not permissible to plead as a counterclaim a cause of action which does not arise out of the transaction set forth in the complaint as the foundation of plaintiff's complaint, or which is not connected with the subject

of the action. And under sub-section 2 of this statute, it is permissible to plead a counterclaim on contract only when the plaintiff's cause of action arises on contract.

Moreover, while the statute, G.S. 24-2, provides that a counterclaim for usury may be set up in an action to recover upon the note or other evidence of debt, on which the alleged usurious interest has been charged, such a counterclaim may not be pleaded in an action based on other cause of action. See *Mortgage Corp. v. Wilson*, 205 N.C. 493, 171 S.E. 783. There this Court held that since the action was to recover possession of real property, the counterclaim was inopportune.

For reasons above stated, the judgment from which appeal is taken is Reversed.