COMMERCIAL CREDIT CORPORATION, A CORPORATION, V. ROBESON MOTORS, INC., WILTON B. BARNES AND KNOX M. BARNES.

(Filed 13 January, 1956.)

**1. Appeal and Error § 29—**

Exceptions and assignments of error not discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Usury § 9c—**

Considering the allegations and exhibits in the light most favorable to defendants, the counterclaims for usury in this action *held* not demurrable on the ground that the dates and amounts were not alleged with the required definiteness.

**3. Usury § 1: Penalties § 1—**

An action to recover a statutory penalty, including the statutory penalty for usurious interest paid, is *ex contractu.*

**4. Pleadings § 10—**

Where plaintiff's action is on contract and defendants' counterclaim exists at the commencement of the action and is on contract, it is not required that such counterclaim relate to the contract or transaction set forth in the complaint, G.S. 1-137(2) rather than G.S. 1-137(1) being controlling.

**5. Statutes § 5d—**

Statutes on the same subject are to be reconciled if this can be done by giving effect to the fair and reasonable intendment of both acts.

**6. Pleadings § 10: Usury § 9c—**

In plaintiff's action in debt, defendants may set up counterclaims to recover the penalty for usurious interest paid by defendants to plaintiff in connection with separate and independent transactions between them when

the claims for such penalties existed prior to the commencement of plaintiff's action.   G.S. 24-2, G.S. 1-137(2).

APPEAL by defendants from *Hubbard, Special J.,* August-September, 1955, Term of ROBESON.

Defendants' appeal is from an order sustaining plaintiff's demurrer to three of the four causes of action separately alleged by defendants *in amendment* to their original "FURTHER ANSWER AND DEFENSE."

Plaintiff's action is to recover a total of $10,812.41 and to foreclose its liens on sixteen described automobiles and trucks.  It is alleged that this indebtedness is due by the corporate defendant, as principal obligor, and by the individual defendants, as guarantors, under the terms of described written contract.

Plaintiff's allegations describe the respective liens securing the several items of indebtedness making up the total of $10,812.41.   Plaintiff alleged that, through ancillary proceedings in claim and delivery, it has recovered, pursuant to the terms of its undertaking, eleven of the described automobiles and trucks.

After answering, defendants alleged that plaintiff was indebted to the corporate defendant in an amount much in excess of $10,812.41, and prayed that it recover from plaintiff "as set forth in the counter-claim and counter-suit herein described."

The court, granting plaintiff's motion therefor, ordered that defendants "plead their alleged further answer and defense specifically, in detail and not in generalities and not by reference," and that they "separate their several causes of action . . ." Defendants excepted and gave notice of appeal.  The appeal was not perfected.

Thereafter, defendants' filed an amendment, in lieu of their original "FURTHER ANSWER AND DEFENSE," in which they alleged separately four causes of action; and this amendment and plaintiff's demurrer thereto are the pleadings directly involved on this appeal.

Underlying defendants' more specific allegations, defendants alleged: that plaintiff, a finance company, had done business with corporate defendant, an automobile dealer, over a period of years; that their transactions consisted of:  (1) direct loans by plaintiff to corporate defendants, for purchase of new and used automobiles, secured directly by liens executed by corporate defendant to plaintiff on such automobiles; and (2) loans made by plaintiff to corporate defendant on conditional sales contracts executed by its customers to corporate defendant and assigned by corporate defendant to plaintiff under its guaranty of payment of its customers' obligations.   Defendants alleged further that, pending payment of these assigned contracts, plaintiff withheld in a reserve account or trust fund, as further security for corporate

defendant's obligations, a portion of the agreed amount to be advanced or loaned by plaintiff to corporate defendant on the assigned conditional sales contracts, ranging from $20.00 to $100.00 on each such transaction.

First cause of action: Herein defendants alleged that the corporate defendant had paid to plaintiff, as interest on direct loans, a total of $4,504.60; that the interest so required and paid, under their agreements, was in excess of 6% per annum and therefore usurious; and that the corporate defendant is entitled to recover of plaintiff, as penalty for usurious interest so paid, twice the amount thereof, to wit, $9,009.20.

Second cause of action: Herein defendants alleged that the respective amounts of the conditional sales contracts executed by its customers to the corporate defendant and assigned by the corporate defendant to plaintiff included interest charges in excess of 6% per annum and therefore were usurious; that, upon default of its customers, the corporate defendant was required to pay and did pay to plaintiff, as (usurious) interest on such assigned contracts, a total of $15,549.54; and that the corporate defendant is entitled to recover herein, as penalty for usurious interest so paid, twice the amount thereof, to wit, $31,099.08.

Third cause of action: Herein defendants alleged that plaintiff is a fiduciary in respect of said reserve account or trust fund and that the corporate defendant is entitled to an accounting for the $90,000.00 or more withheld by plaintiff as aforesaid for the account of the corporate defendant. Since plaintiff's demurrer to this cause of action *was overruled,* the particulars thereof are omitted.

Further (fourth) cause of action: Herein defendants alleged that plaintiff, while in possession of automobiles and trucks owned by the corporate defendant, (1) by its negligence caused or permitted them to depreciate in value, and (2) arbitrarily disposed thereof to individuals and dealers of their choice at prices much less than the true value thereof. While plaintiff's demurrer to this cause of action was sustained, defendants' exception and assignment of error were not brought forward on this appeal. Hence, further particulars of this cause of action are omitted.

Plaintiff, in writing, in paragraphs 1, 2, 3 and 4, demurred to each of defendants' four separate causes of action, respectively, and as to each the grounds of demurrer assigned were these: ". . . the same constitutes a misjoinder of causes which cannot be properly used by way of counter-claim or set-off in an action such as brought by plaintiff, and fails to state facts sufficient to constitute a valid counter-claim, set-off or defense." The court overruled the demurrer, as set forth in paragraph 3 thereof, relating to the third cause of action in respect of an accounting by plaintiff to the corporate defendant for said trust fund. The court sustained the demurrer as set forth in paragraphs 1, 2 and 4,

relating to the first cause of action, second cause of action and further (fourth) cause of action.

Defendants excepted to and appealed from the foregoing order, in so far as it sustained plaintiff's demurrer to the first cause of action; second cause of action and further (fourth) cause of action, alleged in said amendment to answer. Upon appeal, the errors assigned are: "1. That the court erred . . . in requiring defendants to plead more specifically in their cross-action . . ." "2. That the court erred in sustaining the demurrer . . ."

*McKinnon & McKinnon and Mordecai, Mills & Parker for plaintiff, appellee.*

*Nance & Barrington and Ellis E. Page for defendants, appellants.*

BOBBITT, J.   Neither the assignment of error based on exception to the order requiring defendants "to separate their several causes of action and to plead same specifically," nor the assignment of error based on exception to the judgment, in so far as it sustains plaintiff's demurrer to said further (fourth) cause of action, is brought forward in defendants' brief.   Hence, these are taken as abandoned by defendants.   Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 563.

The elements of a usurious transaction need not be restated here. Reference is made to *Doster v. English,* 152 N.C. 339, 67 S.E. 754, and to *Bank v. Wysong & Miles Co.,* 177 N.C. 380, 99 S.E. 199.

Plaintiff contends that defendants' first and second causes of action to recover the penalty for usurious interest paid are demurrable for failure to state facts sufficient to constitute causes of action, on the ground that the dates and amounts are not alleged with the required definiteness, citing *Riley v. Sears,* 154 N.C. 509, 70 S.E. 997.   Considering the allegations and exhibits in the light most favorable to defendants, we think these causes of action are sufficient to survive plaintiff's demurrer.   Incidentally, the ground of demurrer assigned in this connection is simply that defendants' pleading "fails to state facts sufficient to constitute a valid counter-claim, set-off, or defense," without pointing out any particular defect(s) therein.   G.S. 1-128; *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555.

The question, squarely presented and determinative of this appeal, is this:   Where a lender brings an action to recover on a note or other evidence of debt, can the borrower, by counterclaim in such action, recover the penalty for usurious interest paid by the borrower to the lender in connection with separate and independent transactions between them?   Apparently, the precise question is one of first impression in this jurisdiction.

Two statutes, namely, G.S. 24-2, which prescribes the penalty for usurious interest paid, and G.S. 1-137, which prescribes the causes of action that may be alleged by way of counterclaim, must be considered in answering the question presented.

G.S. 24-2, in pertinent part, provides: ". . . And in case a greater rate of interest (than six per centum per annum) has been paid, the person or his legal representative or corporation by whom it has been paid, may recover back twice the amount of interest paid in an action in the nature of action for debt. In any action brought in any court of competent jurisdiction to recover upon any such note or other evidence of debt, it is lawful for the party against whom the action is brought to plead as a counterclaim the penalty above provided for, to wit, twice the amount of interest paid as aforesaid, and also the forfeiture of the entire interest. . . ."

Of the two sentences quoted from G.S. 24-2, the first is found in Laws of 1876-77, c. 91, while the second had its origin in Public Laws of 1895, c. 69.

G.S. 1-137 provides: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

G.S. 1-137, in all material respects, contains the same provisions as sec. 244 of the Code of 1883.

Inquiry as to the origins of the quoted provisions of our usury statute, now codified as G.S. 24-2, throws light on the question now before us for decision.

Originally, our usury statutes condemned as *utterly void* "all bonds, contracts, and assurances whatsoever, . . . for the payment of any principal or money to be lent, or covenanted to be performed, upon or for any usury, whereupon or whereby there shall be reserved or taken" interest in excess of the legal rate prescribed. Act of 1741, Potter's Revisal of 1819, c. 28; Revised Statutes of 1837, c. 117; Rev. Code of 1854, c. 114; Laws of 1874-75, c. 84. Under these statutes, no action could be maintained on any usurious assurance for the payment of money. *Shober v. Hauser*, 20 N.C. 222; *Norwood v. Marrow*, 20 N.C. 578. (It is noted that the Act of 1866, Laws of 1866, c. 24, repealed c. 114, Rev. Code of 1854. This Act of 1866 appears as c. 114, Battle's

Revisal of 1873. It was in effect from 1866 until the Act of 1874-75 re-enacted substantially the provisions of the earlier statutes.)

Under the Act of 1874-75, a person who loaned money upon such usurious contract lost his right to recover it. If he actually made recovery thereof, he became liable, by way of penalty, for twice the amount of such recovery, in an action brought *by any person* who sued therefor. The earlier statutes (except the Act of 1866) provided that the person who sued for such penalty was entitled only to one-half of the recovery, the other one-half going to the State. It was provided further in the Act of 1874-75 that a violation thereof was a misdemeanor.

The Act of 1876-77 (Laws of 1876-77, c. 91), in express terms, repealed and superseded the Act of 1874-75. It contains this explanatory recital: "Whereas, The supreme court of North Carolina, on the authority of a decision of the supreme court of the United States, has decided that the penalties imposed by the present usury law cannot be enforced against national banks." The decision referred to is *Bank v. Myers,* 74 N.C. 514, January Term, 1876, based on *Bank v. Dearing,* 91 U.S. 29.

The Act of 1876-77, after prescribing the then legal rate of interest, provided:

"Sec. 3. That the taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done shall be deemed a forfeiture of the entire interest which the note, or other evidence of debt, carries with it, or which has been agreed to be paid thereon; and in case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representative, may recover back, in an action in the nature of an action of debt, twice the amount of interest paid: *Provided,* Such action shall be commenced within two years from the time the usurious transaction occurred."

This was and is in substance, and nearly so in terms, the provision of the federal statute applicable to national banks. Act of June 3, 1864, c. 106, sec. 30; 13 Stat. 108; Rev. Stat., sec. 5198; U.S.C.A., Title 12, sec. 86. Also, this is in substance, and nearly so in terms, an integral part of G.S. 24-2, our present usury statute.

It is noteworthy that the Act of 1876-77 effected these changes: (1) the usurious contract, as to the *principal* of the loan made, *is not void;* (2) the penalty is for twice the amount of *interest* paid; and (3) the right to recover the penalty vests *in the person who paid* such interest, or his legal representative, in an action in the nature of an action of debt.

In *Barnett v. National Bank,* 98 U.S. 555, the Supreme Court of the United States, October Term, 1878, held explicitly that the penalty for usurious interest paid could be recovered only by a separate suit,

"brought specially and exclusively for that purpose," not by way of counterclaim. The authority of *Barnett v. National Bank, supra, as applied to national banks,* was recognized in subsequent North Carolina decisions. *Oldham v. Bank,* 85 N.C. 241; *Bank v. Simpson,* 90 N.C. 467.

Even so, in *Bank v. Ireland,* 122 N.C. 571, 29 S.E. 835, wherein plaintiff was a national bank, it was held that under our usury statute the defendant was entitled to plead the forfeiture of interest and a counterclaim for twice the amount of usurious interest paid. This Court then entertained the view that such defense and counterclaim were permissible by reason of Act of July 12, 1882, c. 290, sec. 4; 22 Stat. 163. This Act of Congress conferred jurisdiction upon the state courts in actions by and against national banks. But in *Bank v. Wysong & Miles Co., supra,* after full review of the later decisions of the Supreme Court of the United States, this Court concluded that, *as applied to national banks,* the federal usury statute controlled; that said Act of 1882 had no bearing upon the matter; and that recovery of the penalty for usurious interest paid, in respect of an action by *a national bank,* could not be had by way of counterclaim but only by separate and independent action for that single purpose.

While recognizing the duty of this Court to follow the decisions of the Supreme Court of the United States in its construction of a federal statute, *Walker, J.,* in *Bank v. Wysong & Miles Co., supra,* says: "We would not ourselves adopt this construction of the act of Congress were it a question before us to be decided irrespective of the ruling of the highest Federal court, as the words by an 'original or independent' action in the nature of an action of debt are not used in the act, nor do we think there is anything there from which they should be implied, but that the Congress merely intended to refer to the nature of the action in which recovery should be had, as being substantially one of debt, without regard to whether it was an independent one, or by way of cross-bill or cross-action or counterclaim. There is no sound reason, in our opinion, why it should be so. It would seem to be more appropriate to try the question by way of counterclaim in the action upon the debt, when the whole matter may be considered and the rights of the respective parties determined upon all the facts, and with greater precision. . . . Our cases holding that unlawful interest paid may be recovered back by way of counterclaim have no application, as they refer to our own statutes, which now expressly give that remedy. *Bank v. Ireland,* 122 N.C. 571."

In *Smith v. Building & Loan Asso.,* 119 N.C. 257, 26 S.E. 40, upon which *Bank v. Ireland, supra,* is based, it was held that, in plaintiff's

action to recover the penalty for usurious interest paid, the defendant was entitled to plead, by way of counterclaim, its right to recover the balance due on the debt. Significantly, *Clark, J.* (later *C. J.*), observed: "The plaintiff's contention that the defendant cannot to his action set up a counterclaim for the debt on which the usury was paid is unfounded. The plaintiff's own claim is 'in the nature of an action of debt' (Code, sec. 3836), and hence any cause of action 'arising on contract and existing at the commencement of the action' was competent as a counterclaim. Code, sec. 244 (2)."

The Act of 1895 introduced into our usury statute the specific provision relating expressly to a counterclaim, now in substance and nearly so in terms, an integral part of G.S. 24-2, our present usury statute. After re-enacting substantially the provisions of the Act of 1876-77, the General Assembly added this proviso: *"Provided further, that in any action brought in any court of competent jurisdiction to recover upon any such note or other evidence of debt, it shall be lawful for the party against whom the action is brought to plead as a counterclaim the penalty above provided for, to wit, twice the amount of interest paid as aforesaid, and also the forfeiture of the entire interest."*

The construction placed upon the federal statute by the Supreme Court of the United States and the divergent view taken by this Court as to the correct interpretation of the federal statute as well as of the Act of 1876-77, impel the conclusion that the purpose and intent of this proviso was not to restrict the right of recovery by way of counterclaim but rather to make it clear that the right of recovery granted by our statute to recover the penalty for usurious interest paid "in an action in the nature of action for debt," could be pleaded as a counterclaim in an action between the parties.

This Court has held that an action to recover a statutory penalty is deemed an action on contract. *S. v. Rumfelt,* 241 N.C. 375, 85 S.E. 2d 398; *Finance Co. v. Holder,* 235 N.C. 96, 68 S.E. 2d 794; *Smoke Mount Industries, Inc., v. Fisher,* 224 N.C. 72, 29 S.E. 2d 128; and cases cited therein.

G.S. 24-2 provides expressly that the statutory penalty for usurious interest paid is recoverable "in an action in the nature of action for debt." It has been held that an action to declare a forfeiture of interest on account of usury, *Perry v. Doub,* 238 N.C. 233, 77 S.E. 2d 711, and an action to recover the statutory penalty for usurious interest paid, *Finance Co. v. Holder, supra,* are deemed actions on contract.

In *Smoke Mount Industries, Inc., v. Fisher,* plaintiff's action was for breach of contract. Defendant pleaded, by way of counterclaim the penalties for overtime work imposed by the Federal Fair Labor Stand-

ards Act. This Court, by *Schenck, J.*, in words apposite to the present case, said:

"The counterclaim set forth in the answer sounds in contract. It is to enforce, or to collect, a penalty and such actions have been universally held by us to be *ex contractu.* 'An action for a penalty given by a statute to any person injured is an action on contract. This has been the settled law. 3 Blackstone's Com., 158, 160, 161.' *Doughty v. R. R.,* 78 N.C. 22; *Katzenstein v. R. R. Co.,* 84 N.C. 688; *Edenton v. Wool,* 65 N.C. 379; *Wilmington v. Davis,* 63 N.C. 582.

"The cause of action originally alleged by the plaintiff being upon contract, the cause of action set forth by the defendant, arising also upon contract, could, under subsection 2 of G.S. 1-137, be properly pleaded as a counterclaim, and for that reason the demurrer to the counterclaim was properly overruled."

True, a counterclaim for usurious interest paid was denied in *Mortgage Corp. v. Wilson,* 205 N.C. 493, 171 S.E. 783, and in *Finance Co. v. Holder, supra.* They are significant only as they illustrate the basis of decision here, for the plaintiff's action in each of these cases was not "an action arising on contract." G.S. 1-137(2). In the *Wilson case,* the action was for possession of real property; and in the *Holder case,* the action was in tort, for conversion of funds.

Where plaintiff's action is on contract, and defendant's counterclaim exists at the commencement of the action and is on contract, it is not required that such counterclaim relate to the contract or transaction set forth in the complaint "as the foundation of the plaintiff's claim or connected with the subject of the action." In such case, G.S. 1-137(2) rather than G.S. 1-137(1) controls. *McClure v. Fulbright,* 196 N.C. 450, 146 S.E. 74.

"Statutes on the same subject are to be reconciled if this can be done by giving effect to the fair and reasonable intendment of both acts." *Barnhill, J.* (now *C. J.*), in *McLean v. Board of Elections,* 222 N.C. 6, 21 S.E. 2d 842. This rule of statutory construction is well established by our decisions.

We perceive no conflict between G.S. 24-2 and G.S. 1-137(2). Construing these statutes *in pari materia,* we conclude that defendants are entitled to plead, by way of counterclaim to plaintiff's action "arising on contract," their alleged causes of action for usurious interest paid.

Consequently, the plaintiff's demurrer to the first and second causes of action alleged as counterclaims in defendants' said *amendment to answer* should have been overruled. The court's ruling in respect thereto is reversed. The order will be so modified. As modified, the order is affirmed.

Since decision is in defendants' favor on the sole question presented by the appeal, the costs in this Court will be taxed against plaintiff-appellee.

Modified and affirmed.