Gaston, Judge.
 

 The indictment against the defendant contains two counts, but the defendant has been found guilty upon the first count only. The Superior Court arrested the judgment, and the state appealed.
 

 We are of opinion, that the judgment was properly arrested, for that the count upon which the defendant has been found guilty, is insufficient to warrant any judgment.
 

 It charges, in substance, that the defendant, being a justice of the peace, did unlawfully and knowingly celebrate the rites of matrimony between the persons therein named, “ without license for that purpose first had and obtained, contrary to the statute in such case made and provided.” The statute referred to, is that of 1778,
 
 (Rev. ch.
 
 134.) The first section of this act authorizes ministers of the gospel, of every denomination, having the care of souls, and justices of the peace, to solemnize the rites of matrimony, according to the rites and ceremonies of their respective churches, and agreeably to the rules in that statute prescribed. The second empowers the clerks of the respective County Courts to issue a marriage license to any persons applying therefor, first taking bond with sufficient security, in the sum of five hundred pounds, with condition that there is no lawful impediment to obstruct the marriage for which such license is desired ; which license shall be directed to any authorized minister or justice of the peace. The third authorizes every minister of the gospel, qualified as above expressed, or any other person appointed by the church, as a reader, to publish the banns of matrimony between any two persons desiring the same, on three several Sundays, in the congregation, dui’ing or'immediately after divine worship; and directs them to give a certificate of such publication, if demanded, directed to any authorized minister or justice of the peace; with a proviso, that the People called Quakers shall retain their former rules and privileges in solemnizing the rites of
 
 *33
 
 matrimony in their own church, anything in the acl contained to the contrary notwithstanding. The fourth section then enacts, that if any minister or justice of the peace shall knowingly join together in matrimony anyi two persons in any other way or manner than by the act directed, he shall forfeit and pay for every such offence the sum of fifty pounds, lawful money, to be recovered in an action of debt; one-half to him that will sue for the same, and the other half to the use of the county, where the forfeiture ariseth. Upon this act it has been judicially settled, that no valid marriage can be celebrated within this state, unless through the intervention of a minister or magistrate; but that a marriage so celebrated may be valid, notwithstanding there has not been a previous license or publication of banns, although the minister or .magistrate performing the marriage rites without an observance of either of these important forms, devised as securities against unlawful and clandestine marriages,! is clearly guilty of an offence, and liable to be punished therefor. But this offence is
 
 created
 
 by the statute. Independently of some statutory enactment — and there is no other in force applicable to this subject — 'the celebration of a marriage without banns or license is not an offence in law. Every offence must be visited with the penalty, and in the way, which the law points out. Wherever, therefore, a statute creates a new offence, by making that unlawful, which was lawful before, and attaches a specific penalty, the offender may be indicted therefor, although express mention is not made of proceeding by indictment, because indictment is an appropriate mode of judicially ascertaining the offence; but no other penalty can be inflicted, than the one denounced. Where the statute so creating the offence, not only declares the specific penalty, but the mode in which it shall be recovered, that particular method must be pursued, and no other.
 
 Castle’s Case,
 
 Cro. Jac. 64; 1 Salk. 45.
 
 Rex
 
 v.
 
 Robinson, 2
 
 Bur. 803. A conviction upon this indictment would not bar the penal action which the statute authorizes any informer to institute ; and if the defendant should be punished under this indictment, and be afterwards made liable for the penalty
 
 *34
 
 in such action, there would then be inflicted on him a greater penalty than the law assigns to his offence.
 

 There is another fatal objection to the indictment. The charge should contain such a description of the offence of which' the defendant is accused, and such
 
 a statement of the facts which constitute the offence;
 
 that when he is found guilty thereof, the court can see upon the record the definite offence to which the judgment of the law may be applied. No latitude of intention can be allowed, so as to include anything more than is expressed; for the charge must be explicit enough to support itself. Therefore, no allegation of unlawfulness; nor of being against the statute; nor any conclusion, will make good an indictment on a statute, which does not bring the fact prohibited or commanded, in the doing or not doing whereof the offence consists, within the material words of the statute. Now the statute said to be violated does not make it an offence to celebrate a marriage without a license — but to celebrate it without license, and without publication of banns. All
 
 thq facts
 
 found by the jury may be
 
 true;
 
 and yet an offence may not have been committed. The indictment negatives the observance of one ceremony, but not of another; when either ceremony would have legalized the conduct of the defendant.
 

 It must be certified to the Superior Court, that there was no error in refusing to render a judgment upon the finding of the jury in this indictment.
 

 Pek CtjRiam. Judgment affirmed.