STATE v. S. W. BRIGGS AND COLUMBIAN PEANUT COMPANY.

(Filed 14 September, 1932.)

**1. Penalties A a—Statute in this case held to impose penalty recoverable solely by civil action.**

The provisions of chapter 449, section 5, Public Laws of 1891, "that no other person than said weighers shall weigh cotton or peanuts sold in said town or township under penalty of $10.00" the penalty to be paid by the buyer and applied to the school fund upon conviction before any justice of the peace, construed with C. S., 447, does not create a criminal offense, and a penalty alone can be imposed and enforced in a civil action and the use of the word "conviction" in the act does not alter this result.

**2. Statutes B c—Criminal statutes should be strictly construed.**

Criminal statutes should be strictly construed, and in case of substantial doubt that construction should be adopted which is the least severe.

APPEAL by defendants from *Frizzelle, J.,* and a jury, at January Term, 1932, of EDGECOMBE. Reversed.

This is a criminal action instituted in the recorder's court of Edgecombe County and by appeal tried in the Superior Court of Edgecombe County, at the January Term, 1932, before his Honor, J. Paul Frizzelle, judge presiding, in which the defendants were charged with buying 2,000 bags of peanuts in the town of Tarboro, and weighing the same, contrary to the provisions of chapter 449, Public Laws of 1891. The defendants were found guilty, and the following judgment rendered by the court below:

"Upon the verdict of the jury finding both defendants guilty of the violation of said act, the court entered judgment against each of said defendants wherein each was required to pay a fine of ten dollars and the cost of the action, said fine being the fine stipulated in the act in question."

The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Henry C. Bourne for defendants.*

CLARKSON, J. The defendants excepted and assigned error to the following instruction given by the court below: "The court instructs you, gentlemen, that if you believe the evidence in this case and find the facts to be as testified, you would render a verdict of guilty as against both

the defendants, otherwise you would render a verdict of not guilty."
We think the assignment of error should be sustained.

The statute, section 5, chapter 449, Public Laws of 1891, under which the defendants were tried, convicted and judgment rendered reads as follows: "That no other person than said weighers shall weigh cotton or peanuts sold in said town or township, under a penalty of $10.00 for each and every offense, said penalty to be paid by the buyer and applied to the school fund of said county, upon connection (conviction), of the offender before any justice of the peace of said county."

The defendants contend that said act, under which these defendants were indicted, tried and convicted, does not prescribe and set out a criminal act triable in the criminal courts of the State, but in specific words prescribes a penalty. We think defendants' contention correct and there was error in the charge of the court below.

In *S. v. Snuggs,* 85 N. C., at p. 543, speaking to the subject, we find: "The statute not only creates the offense but fixes the penalty that attaches to it, and prescribes the method of enforcing it, and the rule of law is that wherever a statute does this, no other remedy exists than the one expressly given, and no other method of enforcement can be pursued than the one prescribed. The mention of a particular mode of proceeding excludes that by indictment, and no other penalty than the one denounced can be inflicted. 1 Russell on Crimes, 49; *S. v. Loftin,* 2 Dev. & Bat., 31." *Nance v. Fertilizer Co.,* 200 N. C., at p. 707.

In suits on penalties, the law is as follows: C. S., 447. "Where a penalty is imposed by any law, and it is not provided to what person the penalty is given, it may be recovered, for his own use, by any one who sues for it. When a penalty is allowed by statute, and it is not prescribed in whose name suit therefor may be commenced, suit must be brought in the name of the State."

We think that in construing the statute under which defendants were indicted, with C. S., 447, *supra,* a penalty alone can be imposed and enforced in a civil action. The word "conviction" in the statute does not change the specific language that a penalty is imposed and how the fund is applied. Then again, the humanities of the law require criminal statutes to be strictly construed.

"And in case of a substantial doubt as to what the Legislature really meant, that construction should be adopted which is the least severe." Black on Interpretation of Laws (2d ed.), pp. 455-6. The judgment of the court below is

Reversed.