STATE v. RAY YOUNG RUMFELT.

(Filed 14 January, 1955.)

**1. Automobiles § 35—**

The *prima facie* rule of evidence created by G.S. 20-162.1 is applicable to prosecutions for violation of G.S. 20-162.

**2. Same—**

G.S. 20-162.1 creates no criminal offense, but prescribes that when the *prima facie* rule of evidence therein set forth is relied upon by the State in a criminal prosecution, the punishment shall be a penalty of $1.00.

**3. Same—**

The violation of G.S. 20-162 by parking within 25 feet from the intersection of curb lines at an intersection of highways within a municipality is a misdemeanor, G.S. 20-176, notwithstanding that the *prima facie* rule of evidence created by G.S. 20-162.1 is invoked. The word "penalty" is used in the latter statute in the broad sense of punishment and not in the sense of a penalty recoverable in a civil action.

**4. Criminal Law § 65—**

Where defendant is convicted of an offense constituting a crime or misdemeanor he is properly charged with the costs.

APPEAL by defendant from *Frizzelle, J.,* November 1954 Term of WAKE.

Criminal prosecution upon a warrant charging the defendant with a violation of G.S. 20-162, relating to the parking of an automobile within twenty-five feet from the intersection of curb lines at an intersection of highways within the Town of Cary.

This action originated in the Recorder's Court of Cary, Meredith and House Creek Townships, in which court the defendant was adjudged guilty and ordered to pay the costs. He appealed to the Superior Court, where he pleaded not guilty and was tried *de novo* by a jury upon the original warrant, as amended.

The State offered evidence tending to show the following facts: U. S. Highway No. 1 runs east-west through the Town of Cary, and is known as Chatham Street. Academy Street crosses Chatham Street. Both streets have built up curb lines which intersect. About 1:56 p.m. on 23 October 1954 L. E. Midgette, Chief of Police of the Town of Cary, found a 1949 DeSoto Automobile bearing State license X-61128 parked on the North side of Chatham Street about 15 feet from the intersection of the curb lines of Academy and Chatham Streets. Both of these streets are hard surfaced and main streets in the town—regularly used and maintained by the town.

By agreement between the Solicitor and counsel for the defendant the State introduced in evidence a certificate from the State Department of

Revenue showing that the defendant was the registered owner of the automobile with State license N. C. X-61128. "It was stipulated and admitted by the defendant that the automobile in question was owned by and registered in the name of the defendant."

The defendant offered no evidence.

The jury returned a verdict of guilty. Judgment: "That the defendant pay a penalty of $1.00 and the costs."

Defendant excepted and appealed, assigning error.

*Harry McMullan, Attorney General, and Ralph Moody, Assistant Attorney General, for the State.*

*Vaughan S. Winborne and Samuel Pretlow Winborne for Defendant, Appellant.*

PARKER, J. The defendant assigns as error the refusal of the trial court to allow his motion for judgment of nonsuit made when the State rested its case. The defendant contends that G.S. 20-162.1 prescribes that "any person convicted pursuant to this section shall be subject to a penalty of $1.00," and therefore does not set out a criminal act triable in the criminal courts of the State; but in specific words imposes a penalty to be recovered in a civil action.

The amended warrant upon which the defendant was tried and convicted by a jury in the Superior Court charges a violation of G.S. 20-162. G.S. 20-176(a) provides that "it shall be unlawful and constitute a misdemeanor for any person to violate" G.S. 20-162; and (b) states "unless another penalty is in this article or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any provision of this article shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment in the county or municipal jail for not more than sixty days, or by both such fine and imprisonment: Provided, that upon conviction for the following offenses . . . violation of 20-162 . . . the punishment therefor shall be a fine not to exceed fifty dollars ($50.00) and not less than ten dollars ($10.00), or imprisonment not to exceed thirty days for each offense."

In reversing a conviction in the Superior Court in *S. v. Scoggin,* 236 N.C. 19, 72 S.E. 2d 54, this Court said in 1952: ". . . we should not, in the absence of a legislative rule of evidence to the contrary, consider mere ownership of a motor vehicle, parked in violation of a city ordinance, and no more, sufficient to sustain a criminal conviction . . ."

It seems apparent that as a result of the decision in the *Scoggin Case,* and the language quoted above therefrom, the General Assembly at its 1953 Session enacted the statute which is now G.S. 20-162.1 and which is captioned, *"Prima Facie* Rule of Evidence for Enforcement of Park-

ing Regulations," to establish "a legislative rule of evidence" in respect to "cases concerned solely with violation of statutes or ordinances limiting, prohibiting or otherwise regulating the parking of automobiles or other vehicles upon public streets, highways, or other public places." A violation of G.S. 20-162 presents the type of case to which the *prima facie* rule of evidence set forth in G.S. 20-162.1 is applicable.

G.S. 20-176 in plain and exact words declares that a violation of G.S. 20-162 is a misdemeanor and prescribes the punishment, which is greater than that imposed in G.S. 20-162.1. G.S. 20-162.1 creates no criminal offense, but prescribes that when the *prima facie* rule of evidence therein set forth is relied upon by the State in a criminal prosecution, the punishment shall be a penalty of one dollar. There can be no doubt that this action is a criminal action prosecuted by the State to punish the defendant for a violation of its criminal law. When we consider the words "fine" and "penalty" as used in G.S. 20-176, and the word "penalty" as used in G.S. 20-162.1, it is clear that the General Assembly considered and used the word "penalty" in G.S. 20-162.1 as equivalent to the word "fine," and imposed the payment of one dollar for a violation of its criminal law. This one dollar was exacted of the defendant who was found guilty by a jury of a misdemeanor.

The word "penalty" has many different shades of meaning. In *Huntington v. Attrill,* 146 U.S. 657, 36 L. Ed. 1123, it is said : "In the municipal law of England and America, the words 'penal' and 'penalty' have been used in various senses. Strictly and primarily, they denote punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offenses against its laws. *United States v. Reisinger,* 128 U.S. 398, 402 (32:480, 481) ; *United States v. Chouteau,* 102 U.S. 603, 611 (26:246, 249)." See also *Weideman v. State,* 55 Minn. 183, 56 N.W. 688 ; 23 Am. Jur., Forfeitures and Penalties, Sec. 27.

"The term 'penalty' in its broadest sense includes all punishment of whatever kind, and in the broad sense it is a generic term which includes fines as well as all other kinds of punishment." 36 C.J.S., Fines, p. 781.

We said in *S. v. Addington,* 143 N.C. 683, 57 S.E. 398 : "In ordinary legal phraseology, it is said, the term 'fine' means a sum of money exacted of a person guilty of a misdemeanor, or a crime, the amount of which may be fixed by law or left in the discretion of the Court, while a penalty is a sum of money exacted by way of punishment for doing some act which is prohibited, or omitting to do something which is required to be done. (Citing authorities)."

*S. v. Briggs,* 203 N.C. 158, 165 S.E. 339, relied upon by the defendant is distinguishable. The defendant was tried in a criminal action for violation of a statute which read : " 'That no other person than said weighers shall weigh cotton or peanuts sold in said town or township, under a

penalty of $10.00 for each and every offense, said penalty to be paid by the buyer and applied to the school fund of said county, upon connection (conviction), of the offender before any justice of the peace of said county.' " This Court held that that statute did not create a criminal act. In the instant case G.S. 20-176 prescribes that a violation of G.S. 20-162 is a misdemeanor.

*S. v. Snuggs,* 85 N.C. 541, is the case of an indictment for illegally issuing a marriage license—the defendant being a Register of Deeds. The statute prescribed that a person who violated the statute "shall forfeit and pay $200 to any person who shall sue for the same." This Court rightly held that the statute created the offense, fixed the penalty, and prescribed the method of enforcement, and that the indictment charged no indictable offense. The *Snuggs Case* is not in point. To like effect see *S. v. Loftin,* 19 N.C. 31. See also *S. v. R. R.,* 145 N.C. 495, p. 540, 59 S.E. 570.

We said in *Board of Education v. Henderson,* 126 N.C. 689, 36 S.E. 158: "To our minds there is a clear distinction between a fine and penalty. A 'fine' is the sentence pronounced by the court for a violation of the criminal law of the State; while a 'penalty' is the amount recovered— the penalty prescribed for a violation of the statute law of the State or the ordinance of a town. This penalty is recovered in a civil action of debt." *Finance Co. v. Holder,* 235 N.C. 96, 68 S.E. 2d 794 (counterclaim for recovery of penalty for alleged usury) ; and *Smoke Mount Industries, Inc., v. Fisher,* 224 N.C. 72, 29 S.E. 2d 128 (counterclaim for overtime under Federal Fair Labor Standards Act) are types of civil actions to recover penalties. The judgment of the lower court that the defendant pay a penalty of one dollar was a sentence pronounced by the court for the violation of a statute, which violation is specifically declared by the General Assembly to be a misdemeanor.

The trial court correctly denied the defendant's motion for judgment of nonsuit.

The defendant's only other assignment of error is that the trial court erred in taxing the defendant with the costs.

Art. IV, Sec. 1, of the North Carolina Constitution, prescribes that "every action prosecuted by the people of the State as a party, against a person charged with a public offense for the punishment of the same, shall be termed a criminal action."

G.S. 1-5 reads in part: "A criminal action is—1. An action prosecuted by the State as a party, against a person charged with a public offense, for the punishment thereof."

The defendant was convicted of a violation of G.S. 20-162, which violation constituted a misdemeanor by virtue of G.S. 20-176.

G.S. 6-45 prescribes that "every person convicted of an offense, or confessing himself guilty, or submitting to the court, shall pay the costs of the prosecution."

This assignment of error is without merit.

The charge of the court is not in the Record, and is presumed to be free from error. *S. v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481.

In the trial below we find

No error.